```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA,
                                   :   MEMORANDUM DECISION
     - against -                       AND ORDER
                                   :
THOMAS MARMOLEJOS, a/k/a Thomas        99 Cr. 1048(03) (DC)
Marmolejas,                        :
            Defendant.*
                                   :
- - - - - - - - - - - - - - - - - -x
```

APPEARANCES:     PREET BHARARA, ESQ.
                 United States Attorney for the
                 Southern District of New York
                       By:  Megan Gaffney, Esq.
                            Assistant United States Attorney
                 One Saint Andrew's Plaza
                 New York, New York  10007

                 THOMAS MARMOLEJOS, a/k/a Thomas Marmolejas
                 Defendant Pro Se
                 FCI Otisville
                 P.O. Box 1000
                 Otisville, New York  10963

CHIN, Circuit Judge

     Defendant Thomas Marmolejos filed a <u>pro se</u> motion dated November 1, 2012 pursuant to Federal Rule Criminal Procedure 36 to correct various clerical errors in his judgment entered October 11, 2002. Specifically, he alleges the following errors in the judgment: (1) his name is misspelled; (2) the judgment refers to "Count Ten," when he was only charged

---

     *   The Clerk of the Court is directed to conform the caption to the above.

with eight counts; (3) the portion of the judgment describing "Nature of Offenses" does not refer to the federal aiding and abetting statute, 18 U.S.C. § 2; and (4) his United States Marshal ("USM") number is incorrect. The government submitted its response on April 22, 2013, objecting to any corrections with respect to items (2) and (3) and taking no position as to corrections with respect to items (1) and (4). I have reviewed the submissions of both parties, and Marmolejos's motion is granted in part and denied in part, as described below:

1. **Errors in Name and USM Number.** As the government does not object, the Court will enter an amended judgment that correctly spells defendant's last name as M-A-R-M-O-L-E-J-O-S and identifies him by USM number 48376-054. The amended judgment will note that Marmolejos is also known as Thomas Marmolejas.

2. **Judgment's Reference to Count Ten.** To the extent Marmolejos requests that the Judgment refer to Count 8 rather than Count 10, the motion is denied. Marmolejos was indicted pursuant to a 10-count superseding indictment entered November 20, 2011, which charged him with Counts 1 through 7, and Count 10. Marmolejos, however, contends that the jury only received an 8-count indictment. That is also true. At trial, the government presented the jury with a redacted indictment, which

omitted the two counts on the superseding indictment on which he was not charged. Because Count 8 of the redacted indictment was otherwise identical to Count 10 of the superseding indictment, the judgment's reference to Count 10 was not a clerical error.

3. **Nature of Offense Does Not Refer to Aiding and Abetting.** In Counts 3, 6, 7, and 10 of the superseding indictment, the government charged Marmolejos with four substantive crimes, as well as aiding and abetting those crimes pursuant to 18 U.S.C. § 2. Marmolejos now asserts that the judgment, which references only the substantive crimes, should be corrected to refer to 18 U.S.C. § 2. The request for a correction is denied.

First, aiding and abetting is not an independent crime, see United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994); it is a theory of liability that permits one who aids and abets an offense to be convicted of the underlying substantive crime, see United States v. Smith, 198 F.3d 377, 382-83 (2d Cir. 1999). Hence, the judgment need not list 18 U.S.C. § 2 to be accurate.

Second, the evidence, in my view, established that Marmolejos was guilty as a principal and not just as an aider and abettor. Although Marmolejos did not fire the shots that killed one victim and wounded another, he played an integral

-3-

role in the murder for hire. He participated in a two-day stakeout of the two targeted victims. On the second day, when the targets entered a Camry and drove off, Marmolejos drove the van that pursued the Camry. After the shooting, he drove the van away and later discarded certain weapons. That evening, he collected the $37,000 fee that he and his cohorts were paid for the hit. Within days, he was arrested in the same van, which had been painted a different color, and re-stocked with new weapons concealed in a hidden compartment. In light of the foregoing, the evidence presented at trial supported a finding that Marmolejos was guilty as a principal, and, therefore, the judgment is accurate.

SO ORDERED.

Dated: New York, New York
May 10, 2013

DENNY CHIN
United States Circuit Judge
Sitting by Designation